# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-184-8 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JOHN THOMAS MASSEY-LOVEJOY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant John Thomas Massey-Lovejoy ("Massey-Lovejoy") for bond. (Doc. No. 382 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 384 ["Opp'n"].) For the reasons that follow, Massey-Lovejoy's motion is DENIED.

## I. BACKGROUND

On June 19, 2019, Massey-Lovejoy was one of fifteen individuals charged in connection with a drug conspiracy. (Doc. No. 15 (Superseding Indictment).) At his arraignment on July 3, 2019, Massey-Lovejoy waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142(e) and (i), but reserved "the right to raise the issue of detention at a later date should circumstances change." (Doc. No. 83 (Waiver/Order of Detention ["Waiver"]).)

On November 15, 2019, pursuant to a plea agreement, Massey-Lovejoy entered a guilty plea to Count One (conspiracy to distribute and possess with intent to distribute, fentanyl, heroin, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C)); Counts Three, Four,

and Five (distribution of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count Sixteen (possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)) of the Superseding Indictment. (11/15/2020 Minutes; Doc. No. 271 ["Plea Agreement"]; Doc. No. 270 (order adopting R&R recommending acceptance of guilty plea).) According to the Presentence Investigative Report (Final) ("PSR"), Massey-Lovejoy has an extensive criminal history, including multiple convictions for drug trafficking, possession of firearms, escape, failure to comply, menacing, resisting arrest, and driving under the influence. (Doc. No. 338 [PSR] at 2249-60.) Given this history, Massey-Lovey criminal history category is VI, and he likely qualifies as a career offender for purposes of the federal sentencing guidelines. (*See id*. at 2247.) He is currently incarcerated at the Mahoning County Jail and is scheduled to be sentenced on May 29, 2020.

## II. DISCUSSION

Massey-Lovejoy's motion requests "personal bond with conditions and an order granting his release." (Mot. at 2749.) If released, he suggests that he would "reside with family in Cleveland, Ohio and can be subject to home detention and GPS." (*Id*.) He submits that the structure and layout of the Mahoning County Jail "increase[s] the risk for the spread" of COVID-19 by making it difficult to "engage in social distancing and self-quarantine precautions as recommended by the CDC such as shared toilet and sink use within individual, shared cells; the number of individuals held together in an individual cell, and in a housing unit; shared shower facilities, restriction of movement, size of individual cells and shared spaces, etc." (*Id*. at 2750.)

In support of his motion, Massey-Lovejoy cites 18 U.S.C. § 3142(i), but that statutory provision "applies only to a person seeking release pending trial." *United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (rejecting the applicability of 18 U.S.C. §

3142(i) for prisoner awaiting sentencing). Release pending sentencing, as relevant here, is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., id.* (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143); *see also United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (finding that § 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19). Accordingly, Massey-Lovejoy's request is properly evaluated under § 3143.

### A. 18 U.S.C. § 3143

Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Here, Massey-Lovejoy is subject to mandatory detention because he pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Further, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's

detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Massey-Lovejoy is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release). But Massey-Lovejoy has not suggested, let alone demonstrated, that he is at a heightened risk of contracting COVID-19.

As explained in the government's response, U.S. Marshals Service has taken substantial precautions to mitigate the spread of the COVID-19 virus. (*See* Opp'n at 2759-61.) These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (*Id*.) Additional measures have been taken at the

Mahoning County Jail, including the temporary cessation of accepting non-violent offenders, to stop the spread of the virus. (*Id.* at 2761-62.) In the absence of any evidence that Massey-Lovejoy has an increased risk of contracting the virus in his institution, the Court cannot find that "exceptional circumstances" warrant his release. Further, given Massey-Lovejoy's extensive criminal history—which includes possession of firearms and escape—the Court must conclude that Massey-Lovejoy poses a serious risk nonappearance and of danger to others and the community. Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

B.  **18 U.S.C. § 3142(i)**

Even if the more lenient standard applicable to pretrial detainees under § 3142 was available to Massey-Lovejoy, he still would still not be entitled to temporary release. Under the Bail Reform Act, 18 U.S.C. § 3142(i), "[t]he judicial officer may, by subsequent order, permit the temporary release of [a pretrial detainee], in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." In *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020) (citing 18 U.S.C. § 3142(i)), the district court observed:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the [Court] will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at *3. At least one district court in the Sixth Circuit has followed the approach laid out in *Clark*, and this Court, likewise, agrees that this guidance provides a useful framework for addressing requests for release under § 3142. *See, e.g., United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2-3 (S.D. Ohio Mar. 30, 2020) (applying analysis set forth in *Clark* and denying defendant's motion for immediate release under the Bail Reform Act due to COVID-19).

As to the first factor—the original grounds for the defendant's pretrial detention—the Court has previously noted that Massey-Lovejoy waived his right to contest the initial order of detention, as such, the Court did not make prior findings as to the appropriateness of detention. Nonetheless, the Court observes that Massey-Lovejoy has now pleaded guilty to serious offenses carrying significant penalties, that he likely qualifies as a career offender due to his prior criminal record, and that he has prior convictions for possession of firearms and escape. These facts counsel against release.

As for the second factor—the specificity of defendant's stated COVID-19 concerns—Massey-Lovejoy offers only his generalized and speculative fears that he is at a higher risk for contracting COVID-19 at his present facility. Again, he does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 2750-51.) Moreover, as set forth above, the U.S. Marshals Service and the Mahoning County Jail have taken extraordinary measures to limit the threat posed by COVID-19. While the Court is sympathetic to Massey-Lovejoy's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020)

(collecting cases denying requests for temporary release due to generalized concerns about COVID-19). This factor also weighs against release.

The third factor—effect of release plan on defendant—also favors continued detention. Massey-Lovejoy offers no details about the circumstances under which he would reside "with family in Cleveland, Ohio," other than to suggest that his home detention could include GPS monitoring. (Mot. at 2749.) For example, he offers no evidence on who will be residing with him, or what precautions will be taken there, including screening and isolation practices, that would keep him safe and limit his exposure to COVID-19. Because the Court cannot even begin to evaluate whether the release plan reduces the risk to Massey-Lovejoy, this factor mitigates against temporary release.

Finally, the fourth factor—effect of the release plan on the public—does not favor temporary release. Given Massey-Lovejoy's prior criminal history, the Court is far from convinced that Massey-Lovejoy would remain compliant on temporary release. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020).

On balance, the Court finds that Massey-Lovejoy has not established his burden of

demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the forgoing reasons, as well as the reasons set forth in the government's response in opposition, the motion of defendant Massey-Lovejoy for release on bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: April 8, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**