# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-184-8 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOHN THOMAS MASSEY-LOVEJOY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant John Thomas Massey-Lovejoy ("defendant" or "Massey-Lovejoy") to correct the calculation of his time-served credit. (Doc. No. 574 (Motion).) Because the Court lacks jurisdiction to grant Massey-Lovejoy the relief he seeks, the motion is DISMISSED.

On May 29, 2020, the Court sentenced Massey-Lovejoy to a term of imprisonment of 130 months, following his guilty pleas to conspiracy to distribute and possession with intent to distribute fentanyl, heroin, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C); two counts of distribution of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession with intent to distribute heroin, fentanyl, and valery-fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 425 (Judgment); *see* Doc. No. 271 (Plea Agreement); Minutes of Proceedings [non-document],

5/29/2020.) Relevant to the present motion, the Court's judgment provided that Massey-Lovejoy's 130 month term of imprisonment:

> consists of 130 months as to each counts 1, 3, 4, 5, and 16 of the superseding indictment, all terms to run concurrently. The Court *recommends* that the defendant receive credit for time served to date from 3/12/2019, which is the date of [Massey-Lovejoy's] arrest for conduct which lead to the indictment in this case.

(Doc. No. 425, at 2[1] (emphasis added).)

According to the website for the Bureau of Prisons ("BOP"), Massey-Lovejoy is currently serving his sentence at Edgefield FCI, in Edgefield, South Carolina, and has an anticipated release date of February 6, 2029. (*See* https://www.bop.gov/inmateloc//, last visited 02/21/2024.) In the present motion, Massey-Lovejoy seeks the Court's assistance with correcting the calculation of his time-served credit "for the 6 month state time that [he] was being held on" at the time of his sentence in federal court. (Doc. No. 574, at 1.) According to Massey-Lovejoy, the BOP has failed to credit him for the 180 days he spent incarcerated in state custody prior to sentencing. (*Id.*)

While a sentencing court may, as it did here, recommend a method for calculating or crediting time-served, it is the responsibility of the BOP to calculate any sentence credits to which a federal prisoner may be entitled for pre-sentence time spent in official custody. *See United States v. Wilson*, 503 U.S. 329, 334–37, 112 S. Ct. 1351, 117 L. Ed. 2d 4244 (1992); 28 C.F.R. § 0.96. It falls, therefore, to the BOP, not the district court, to determine when a sentence is deemed to commence and whether a defendant receives credit for time served. *See United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) (quotation marks and citations omitted).

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Further, judicial claims challenging the BOP's execution of a prisoner's sentence, including the calculation of credit for time served, are not brought before the sentencing court under 28 U.S.C. § 2255 as a motion to vacate, set aside, or correct sentence, but are properly brought as a habeas action under 28 U.S.C. § 2241 in the judicial district in which the prisoner is confined. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served"); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Accordingly, a petitioner seeking to challenge how his confinement is being executed, such as the determination of a release date, must seek relief via a petition under § 2241. *See Capaldi*; 135 F.3d at 1123; *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991).

By challenging the BOP's calculation of his time-served credit, Massey-Lovejoy is attacking the execution of his sentence. Consequently, he must file a habeas petition under § 2241 in the district in which he is being confined. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (federal prisoners are required to file § 2241 petitions "in the court having jurisdiction over the prisoner's custodian") (citations omitted); *In re Hanserd*, 123 F.3d 922, 925 n.2 (6th Cir. 1997) (citations omitted). Because Massey-Lovejoy is in custody outside of the Northern District of Ohio, this Court lacks jurisdiction to consider the motion. *Jalili*, 925 F.2d at 893–94. Moreover, transfer to the district where he is confined would be inappropriate because Massey-Lovejoy has not shown that he has exhausted his administrative remedies regarding the execution of his sentence, a necessary prerequisite to seeking judicial review of the BOP's calculation of an

inmate's jail time credit and release date.[2] *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10 (Table), 1995 WL 113825, at *2 (6th Cir. Mar. 16, 1995) (district court did not abuse its discretion in refusing to transfer case challenging sentencing credit to jurisdiction of confinement where petitioner did not demonstrate exhaustion of administrative remedies (citing, among authority, *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992))); 28 C.F.R. § 542.10–16; *see also Gay v. Fed. Bureau of Prisons*, No. 3:21-cv-933, 2022 WL 1432554, at *2 (M.D. Tenn. May 5, 2022) (describing the procedure for exhausting remedies through the BOP administrative grievance process).

Because this Court lacks jurisdiction over Massey-Lovejoy's challenge to the execution of his sentence, his motion is DISMISSED without prejudice so that he may file a petition under 28 U.S.C. § 2241 in the judicial district where he is serving his sentence after he has exhausted his administrative remedies. *See also Jalili*, 925 F.2d at 893–94; *see, e.g., United States v. Webb*, 887 F.2d 1082 (Table), 1989 WL 117898 (4th Cir. 1989) (remanding § 2255 motion for dismissal by the sentencing court for want of jurisdiction where motion challenged calculation of release date and was not brought in the district of prisoner's confinement).

**IT IS SO ORDERED**.

Dated: February 21, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] In fact, Massey-Lovejoy states that all he has done to address the perceived error in calculating his release date is to contact his trial attorney, whom he discovered has since retired. (Doc. No. 574, at 1.)

4